IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GL NOBLE DENTON, INC. | § |
| | § |
| | § |
| v. | §   CIVIL ACTION NO. **15-2366** |
| | § |
| AQUALIS OFFSHORE, INC., BRIANT | § |
| HAPP and GUY NOBLE | § |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1454, Defendants/Counter-Plaintiffs AQUALIS OFFSHORE, INC. ("Aqualis"), BRIANT HAPP ("Happ") and GUY NOBLE ("Noble") (collectively "Defendants"), give notice of removal of an action filed against them in the 11th Judicial District Court in Harris County, Texas,[1] to the United States District Court for the Southern District of Texas, Houston Division. In support, Defendants respectfully offer the following:

### I. INTRODUCTION

1. Plaintiff filed suit against Defendants in state court in Harris County, Texas on July 10, 2015. (App., Pls.' Orig. Pet.). The basis of the lawsuit is Plaintiff's allegation that Defendants Happ and Noble were former employees that stole confidential information upon leaving Plaintiff and going to work for Aqualis. Specifically, Plaintiff alleges that Noble uploaded electronic files, including technical manuals and documents containing equipment specification and technical drawings. Plaintiff alleges that Happ emailed himself similar

---

[1] Cause No. 2015-39805, *GL Noble Denton, Inc. v. Aqualis Offshore, Inc., et al.*, in the 11th Judicial District Court, Harris County, Texas.

4851-9047-7350.v1

documents. Plaintiff further alleges that Happ and Noble copied these documents and files and transferred them to Aqualis' systems, allowing access and use by Aqualis.

2.   In their Original Petition, Plaintiff brought claims for breach of contract, conversion, tortious interference with prospective business relations, and violations of the Texas Theft Liability Act. *Id.* Plaintiff's conversion and Theft Liability Act claims are premised on the allegations that Defendants copied Plaintiff's electronic data onto Aqualis' server without Plaintiff's permission. The tortious interference claim is based on the use of these copied files and documents to compete with Plaintiff's prospective clients. The Original Petition also contained an application for permanent injunctive relief prohibiting Defendants from using or disclosing Plaintiff's trade secrets and confidential information.

3.   Based upon these allegations, Plaintiff's claims for conversion, theft, and tortious interference are really for violations of an intellectual property right, namely copyrights in the manuals, drawings, and other documents allegedly taken. Accordingly, Defendants filed a counterclaim on August 14, 2015, for a declaratory judgment that Defendants have not infringed any copyrightable documents allegedly owned by Plaintiff.

4.   Defendants were served with process and Plaintiff's Original Petition on July 27, 2015. Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after receipt by Defendants. 28 U.S.C. § 1446(b).

5.   Pursuant to 28 U.S.C. § 1446(a), this Notice is properly filed in the United States District Court for the Southern District of Texas, Houston Division, which is the district court and division within which the state court action was filed.

6.   All Defendants join in and consent to this Notice. 28 U.S.C. § 1446(b)(2).

7. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending and will also notify Plaintiff of this Notice of Removal in writing.

## II. BASIS FOR REMOVAL

9. Removal is proper because this is a civil action in which (1) Defendants have asserted claims relating to federal copyright law and (2) Plaintiff has asserted claims that are preempted by federal copyright law. This Court has original jurisdiction over such claims under 28 U.S.C. § 1338, and the matter is therefore removable under 28 U.S.C. §§ 1441(a) and 1454(a).

**A. Defendants' counterclaim provides jurisdiction for removal under Section 1454(a).**

10. Section 1454(a) allows "*any party* [who] asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights" to remove that case to federal court. 28 U.S.C. § 1454(a) (emphasis added). This new removal statute enacted in 2011 replaces the traditional well-pleaded complaint rule for removal, and authorizes removal of cases where a defendant has a copyright counterclaim. *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 731–32 (M.D.N.C. 2014).

11. Defendants filed their counterclaim for declaratory judgment that Defendants have not infringed upon any copyrights of Plaintiff under the Copyright Act. Defendants' counterclaim arises under the Copyright Act and is removable under Section 1454(a). This Court also has jurisdiction over the counterclaim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment in controversies between the parties.

4851-9047-7350.v1

**B. Plaintiff's state-law tort claims are preempted by the Copyright Act.**

12.  Removal to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), (b), and 1441(a), (c) because the claims asserted in Plaintiff's Original Petition are completely preempted by the United States Copyright Act. *See* 17 U.S.C. § 301(a). Although the Original Petition does not specifically state a claim for copyright infringement, the preemptive force of Section 301(a) of the Copyright Act transforms preempted state-law claims into federal claims for purposes of the well-pleaded complaint rule. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) (holding that Section 301(a) of the Copyright Act completely preempts the substantive field).

13.  Courts must apply a two-part test to determine if a state-law claim is preempted by the Copyright Act. First, the claim is "examined to determine whether it falls 'within the subject matter of copyright.'" *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (citation omitted). Second, the cause of action is "examined to determine if it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id.* (citations omitted).

14.  Plaintiff's claims are that Defendants have taken, copied, and used technical drawings, manuals, specifications, and other similar documents, all of which are copyrightable. This court, and several others, have held that "technical drawings and designs fall within the subject matter of copyright." *M-I, LLC v. Stelly*, 733 F. Supp. 2d 759, 782 (S.D. Tex. 2010); see also *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1490, 1501 (5th Cir. 1990) (affirming opinion that treats engineering drawings as within the subject matter of copyright). Additionally, "state law claims based on ideas fixed in tangible media are preempted by § 301(a)." *Spear Mktg., Inc. v. BancorpSouth Bank*, No. 14-10753, 2015 WL 3972246, at *6 (5th Cir. June 30,

2015) (holding that claims for theft of trade secrets found within plaintiff's computer files fell within the subject matter of copyright). Furthermore, property need not be actually copyrighted to be subject to protection under the Copyright Act. *See, e.g., Daboub v. Gibbons,* 42 F.3d 285, 290 n. 8 (5th Cir. 1995) (stating that any action for the wrongful copying, distribution, or use of copyrightable property may *only* be remedied by invoking the protection of the Copyright Act). Accordingly, Plaintiff's property alleged to have been taken by Defendants is copyrightable and within the subject matter of federal copyright law.

15.  The second part of the preemption test requires this Court to decide if the state-law claim protects rights that are "equivalent" to any of the exclusive rights found in federal copyright law. *Carson*, 344 F.3d at 456. Courts determine equivalency by using the "extra element" test, which looks at the elements of each cause of action asserted. *Id.* If the state law claim requires proof of one or more qualitatively different elements than the federal copyright cause of action, then the state cause of action is not preempted. *Id.*; *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). If the elements are equivalent, then the state law claim is preempted. *Alcatel*, 166 F.3d at 787. A state law cause of action is "equivalent" to the rights granted by the Copyright Act if "the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1999).

16.  This Court previously held in *M-I, LLC v. Stelly*, that claims for conversion, violation of the Texas Theft Liability Act, and tortious interference with prospective business relations were all preempted under similar facts. 733 F. Supp. 2d at 788–792. In that case, the plaintiff alleged the defendants downloaded, copied, or transferred work files consisting of technical drawings, specifications, and other documents claimed as trade secret and confidential by plaintiff. *Id.* The court stated that these allegations constituted unauthorized copying and

therefore fell under federal copyright law. *Id.* at 784. The court then compared these allegations to the elements of the plaintiff's state law claims.

17.     The court held that the plaintiff's conversion claim was preempted because the property allegedly converted was intangible. *Id.* at 792. In that case, the plaintiff did not allege that the defendants had converted tangible documents, only that they had copied electronic files such as drawings, designs and other copyrightable materials. *Id.* The court stated that preemption occurs in such instances "where the plaintiff only alleges the 'unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work.'" *Id.* (citing *Carson*, 344 F.3d at 456–57).

18.     The court then addressed the claim for tortious interference with prospective business relations. The court noted that the only "extra" element in that claim[2] was intent, but held that such element "merely goes to the scope of the right, and do[es] not change the *nature* of the action." *Id.* at 788. The court further noted that many other courts found tortious interference claims were preempted where the defendant allegedly destroyed the exclusive right of the plaintiff to use the copyrightable work. *Id.* The court held that the claim was therefore preempted "to the extent it is based on M-I losing prospective business that would otherwise flow from its exclusive use of tool drawings, designs, and other copyrightable material." *Id.* at 790. The court applied this same analysis to the plaintiff's claim under the Texas Theft Liability Act because the only additional element under such a claim is knowledge of the theft, and knowledge is not an element that is "qualitatively different from a copyright infringement claim." *Id.* at 791.

---

[2] The elements of a tortious interference with prospective business relations claim under Texas law are: (1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference. *M-I, LLC*, 733 F. Supp. 2d at 789–90 (citation omitted).

19. The gravamen of Plaintiff's claims are that Defendants have copied, transferred, and used Plaintiff's technical drawings, specifications, and other alleged trade secrets and confidential documents without Plaintiff's permission and benefitted financially from doing so. Plaintiff's claim for conversion is not that Defendants took physical, tangible property. Plaintiff has also not demanded the return of any tangible property. Under *M-I, LLC*, Plaintiff's conversion claim is for intangible property and therefore preempted by the Copyright Act. The same is true for Plaintiff's theft and tortious interference claims. Plaintiff's claims are essentially for violation of an intellectual property right and allege no conduct separate from a copyright infringement. Courts in the Fifth Circuit have repeatedly held that claims such as those asserted by Plaintiff, when falling within the subject matter of copyright, are preempted. *See Daboub*, 42 F.3d at 289–90 (conversion and misappropriation claims preempted); *M-I LLC*, 733 F. Supp. 2d at 788–792; *Gemcraft Homes*, 688 F. Supp. at 294-95 (tortious interference and conversion claims preempted); *Sefton v. Jew*, 201 F. Supp. 2d 730, 746 (W.D. Tex. 2001) (conversion claim preempted); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, No. H-08-1460, 2008 WL 5141029, at *2 (S.D. Tex. Dec. 8, 2008) (conversion claim preempted).

**C. This Court has supplemental jurisdiction over Plaintiff's remaining causes of action.**

20. Because this Court has original jurisdiction over Plaintiff's preempted state law claims, this Court may properly assert supplemental jurisdiction over Plaintiffs' remaining state-law claim for breach of contract. *See* 28 U.S.C. §§ 1367(a), 1441(c). Like their preempted conversion, Theft Liability Act, and tortious interference claims, Plaintiff's remaining claim concerns Defendants' alleged copying, downloading, and transferring of Plaintiff's alleged trade secrets and confidential information. All of Plaintiff's claims arise out of the same alleged misconduct and, therefore, form part of the "same controversy" and are subject to this Court's

jurisdiction upon removal. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

### III. JURY DEMAND

21. Plaintiff has made a demand for a jury in the state court action.

### IV. APPENDIX

22. All pleadings, process, orders, and other filings in the state court action are attached to this notice in the Appendix as required by 28 U.S.C. § 1446(a) and this Court's Local Rule 81.

### 21. PRAYER

THEREFORE, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendants remove this action for trial from the 11th Judicial District Court in Harris County, Texas, on this 14th day of August, 2015, and pray that this Court assume full jurisdiction of this cause as if it had been originally filed herein and that further proceedings in the state court be stayed. Defendants further pray for such other and further relief to which they may be justly entitled, at law or in equity, and so that justice may be done.

Respectfully submitted,

# COATS | ROSE

By: */s/ James A. Collura, Jr.*
James A. Collura, Jr.
Texas Bar No. 24044502
jcollura@coatsrose.com
9 Greenway Plaza, Suite 1100
Houston, Texas 77046
(713) 651-0111 Telephone
(713) 651-0220 Telecopier

**ATTORNEY IN CHARGE FOR DEFENDANTS/COUNTERPLAINTIFFS**

**OF COUNSEL:**

**COATS | ROSE**

Jared Caplan
Texas Bar No. 24031913
jcaplan@coatsrose.com
Ryan T. Kinder
Texas Bar No. 24065560
rkinder@coatsrose.com
9 Greenway Plaza, Suite 1100
Houston, Texas 77046
(713) 651-0111 Telephone
(713) 651-0220 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 14th day of August, 2015.

*/s/ James A. Collura, Jr.*
James A. Collura, Jr.

4851-9047-7350.v1