# Exhibit B

7/10/2015 4:09:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6024072
By: Nelson Cuero
Filed: 7/10/2015 4:09:16 PM

# 2015-39805 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| GL NOBLE DENTON, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AQUALIS OFFSHORE, INC.,  BRIANT | § | |
| HAPP AND GUY NOBLE | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | (JURY TRIAL DEMANDED) |
| | § | |

### PLAINTIFF GL NOBLE DENTON'S ORIGINAL PETITION, REQUEST FOR PERMANENT INJUNCTION AND REQUEST FOR DISCLOSURE

Plaintiff GL Noble Denton, Inc. ("GL Noble Denton" or the "Company") files its Original Petition, Request for Permanent Injunction, and Request for Disclosure against Defendants Aqualis Offshore, Inc. ("Aqualis"), Briant Happ, and Guy Noble (collectively, "Defendants") and in support respectfully show this Court as follows:

### DISCOVERY CONTROL PLAN

1.      GL Noble Denton intends to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

2.      GL Noble Denton seeks damages that are within the jurisdictional limits of this Court. Specifically, GL Noble Denton seeks monetary relief greater than $1,000,000.00.

### PARTIES

3.      GL Noble Denton is a Texas Corporation with its principal place of business in Houston, Texas, located at 1155 Dairy Ashford, Suite 315, Houston, Texas 77079.  Defendants Happ and Noble worked for GL Noble Denton at its Houston, Texas office.

4.      Defendant Aqualis is a Texas corporation.   Upon information and belief, Aqualis's principal place of business is in Harris County, Texas.   Aqualis may be served with process through its registered agent, Badreddin Diab, 1250 Wood Branch Park Drive, Suite 650, Houston, Texas 77079.

5.      Defendant Briant Happ is an individual who may be served with process at his home, 18222 Sorrell Oaks Lane, Richmond, Texas, 77407 or at Aqualis, which is his place of business.

6.      Defendant Guy Noble is an individual who may be served with process at his home, 8106 Cottonwood Trail Court, Houston, Texas, 77095 or at Aqualis, which is his place of business.

## JURISDICTION AND VENUE

7.      Venue is proper in Harris County, Texas, because it is the county where Defendant Happ and Noble worked for GL Noble Denton.  It is also the county in which Defendants Aqualis and Noble reside.  Tex. Civ. Prac. & Rem. Code § 15.002.

## FACTS

8.      In 2009, the German-owned, Germanischer Lloyd AG ("GL"), acquired Noble Denton Group Limited ("Noble Denton Group"), a private limited company incorporated in England & Wales, from several private equity investor companies that were owned and/or managed in part by Oystein Spetalen, Martin Ness, and Glen Ole Rodlan, among others ("GL Acquisition).

9.      Guy Noble was a 0.15% shareholder in Noble Denton Group Limited owning 26,500 Tranche C shares for which he was compensated under the Share Purchase Agreement.

10.     After the GL Acquisition and as part of the post-acquisition integration, Noble Denton Group was rebranded as GL Noble Denton.

11.     With the incorporation of Aqualis Offshore Ltd ("Aqualis Offshore") in the United Kingdom in December 2012, Aqualis Offshore was created by Ness, Spetalen and Rodland with

Certified Document Number: 66170874 - Page 2 of 16

the intent of directly competing with GL Noble Denton.   Aqualis Offshore is the parent corporation of Defendant Aqualis.

12.   In September 2013, a merger agreement was signed by Norwegian based DNV Group AS and GL forming a new company, DNV GL Group AS ("DNV GL").  GL Noble Denton is part of DNV GL.

13.   DNV GL is an international certification body and classification society with expertise in technical assessment, research, advisory, and risk management.  DNV GL is comprised of five main sectors: maritime, oil & gas, energy, business assurance, and software.  GL Noble Denton falls within DNV GL's oil and gas sector.

14.   GL Noble Denton provides independent marine assurance and advisory services to the oil & gas industry, including dynamic positioning, marine casualty investigations, marine operations and surveys, marine warranty services, meteorological and oceanographic studies, naval architecture and engineering, and transportation and installation services.  GL Noble Denton also provides services and software solutions to design, develop, operate, execute, and assure oil and gas industry assets across the world.

15.   Aqualis Offshore describes its services as a specialised [sic] marine and offshore engineering consultancy focusing on the shallow and deep-water offshore segments of the oil and gas sector. Its core services include concept, FEED and basic design engineering for upgrades and conversions of jack-ups, FPSOs and rigs, transportation and installation, marine warranty, dynamic positioning, construction supervision and due diligence services. The company also offers rig moving services.  Upon information and belief, Aqualis Offshore and its American subsidiary, Aqualis, perform substantially the same work as GL Noble Denton.

Certified Document Number: 66170874 - Page 3 of 16

16.     Since its inception in 2012, Aqualis and its parent corporation Aqualis Offshore have been systematically targeting GL Noble Denton employees worldwide, and have succeeded in hiring approximately 52 former GL Noble Denton employees and contractors as of January 2014.   In its early stages, approximately two-thirds of Aqualis Offshore's employees were former GL Noble Denton employees.   Now, 52 former GL Noble Denton employees constitute approximately one quarter of Aqualis Offshore's 220 employees.

17.     Rodland and Nes sit on Aqualis Offshore's Board of Directors along with a former GL Noble Denton employee.  Of its 12 person Executive Management Team, 9 are former GL Noble Denton employees, 8 of which were shareholders in Noble Denton Group Ltd who were compensated for their shares in the GL Acquisition.

18.     Happ and Noble are former employees of GL Noble Denton.  During their employment with GL Noble Denton, Happ and Noble held positions of trust and authority.  Specifically, at the time of their departures from GL Noble Denton, Happ held the position of Marine Manager and Noble held the position of Manager, Offshore Engineering.  As a result, Happ and Noble had knowledge of, and access to, confidential and proprietary information, including, but not limited to, information about:

- GL Noble Denton's clients, projects, and contracts;

- GL Noble Denton's prospective clients, projects, and contracts;

- GL Noble Denton's pricing and profit margins; and

- GL Noble Denton's technical drawings, manuals, and specifications.

GL Noble Denton took measures to protect and safeguard such confidential information, including, but not limited to, limiting access to client and contract information.  GL Noble Denton has taken and continues to take reasonable measures to protect and preserve the secrecy

Certified Document Number: 66170874 - Page 4 of 16

of its trade secrets and confidential information.  Access to GL Noble Denton's trade secrets and confidential information is given to GL Noble Denton's employees only to the extent required by their position.   In addition to having limited access to GL Noble Denton's confidential information, Happ and Noble were required to sign confidentiality agreements and to comply with corporate policies regarding preserving the secrecy of GL Noble Denton's confidential information.

19.     Noble executed three separate confidentiality agreements with the Company during his employment. *See* April 1, 1992 Confidentiality Agreement, attached as Exhibit A; July 31, 1992 Confidentiality Agreement, attached as Exhibit B; October 25, 2001 Confidentiality Agreement, attached as Exhibit C.  Under each of the confidentiality agreements, Noble agreed, *inter alia,* not to "reveal to any person, persons, or Company any of the trade secrets or confidential operations or dealings or any information concerning the organi[z]ation, business, finances, transactions or affairs of the companies within the Noble Denton Group, and its clients," which may come to his knowledge during his employment.  *Id.*  Noble further agreed, in all three confidentiality agreements, that the "restriction shall continue to apply after [his] employment has ceased, without limit in point of time." *Id.*

20.     On July 12, 2013, Noble received and executed an offer of employment from Aqualis, a direct competitor of GL Noble Denton, to perform job duties similar to those he performed for GL Noble Denton as Manager, Offshore Engineering.  Two weeks after receiving the offer, while still employed with GL Noble Denton, and on or about July 26, 2013, Noble uploaded Company files onto a private site, some of which included confidential information, such as technical manuals and Company documents related to calculation of specifications and capacities

for offshore machinery.  Noble left the Company on August 9, 2013 to join Aqualis in the capacity of Naval Architect.

21.    Happ, for his part, executed two separate confidentiality agreements with the Company during his employment.  On May 26, 2009, he agreed, *inter alia,* not to "reveal to any person, persons or Company any of the trade secrets or confidential operations or dealings or any information concerning the organization, business, finances, transactions or affairs of the companies within the Noble Denton Group, and its clients" that may come to his knowledge during his employment.  May 26, 2009 Confidentiality Agreement, attached as Exhibit D.  Happ further agreed that the Confidentiality Agreement's "restriction shall continue to apply after [his] employment has ceased, without limit in point of time."  *Id.*   The second confidentiality agreement, executed by Happ on June 11, 2009, contained identical terms.  June 11, 2009 Confidentiality Agreement, attached as Exhibit E.

22.    On October 10, 2013, Happ tendered his resignation to GL Noble Denton and executed an offer of employment with Aqualis.  That same day, Happ emailed several Company documents to his personal email account, some of which contained confidential and proprietary information.  On or about October 11, 2013, the day after he tendered his resignation to GL Noble Denton, Happ uploaded Company documents to his personal drop box.  Upon information and belief, these documents are internal proprietary documents related to a Company project in Brazil on which Happ worked shortly prior to his departure.  Happ worked on this project with Andrew Theophanatos, who also resigned from GL Noble Denton in May of 2013, to join Aqualis Offshore as a member of its executive management for South America.

23.    Upon information and belief, Happ and Noble are working for Aqualis, a direct competitor, in similar capacities to their positions at GL Noble Denton, and, upon information

6

and belief, are violating their contractual and common law obligations to protect GL Noble Denton's confidential and proprietary information by divulging, misappropriating, or otherwise compromising that information to the advantage of Aqualis.

24.     On December 23, 2013, GL Noble Denton sent demand letters to Happ and to Noble, informing them of their continuing contractual and common law obligations to protect the Company's confidential information. *See* Demand Letter to Happ, attached as Exhibit F; Demand Letter to Noble, attached as Exhibit G. In the letters, the Company demanded that Happ and Noble submit any of their databases containing the Company's confidential information for immediate search by a Forensic Computer expert. In the demand letters, the Company also informed Happ and Noble that it required access to the sites or devices to which they uploaded Company documents to ensure that hard copies of any confidential information are returned and digital copies are destroyed. *See* Exhibit F; Exhibit G. Despite these firm and clear demands, neither Happ nor Noble submitted databases to the Company or granted the Company access to the sites or devices to which Happ and Noble uploaded Company information and documents until after GL Noble Denton filed a separate suit in January of 2014, requesting to take their depositions.

25.     In a letter addressed to counsel and dated January 15, 2014, Happ followed up on his January 9 email, again giving his unsworn word that he has honored the confidentiality of GL Noble Denton and that he will return hard copies of documents that he uploaded from GL Noble Denton and destroy the related files. Letter from Happ dated Jan. 15, 2014, attached as Exhibit I. Happ would not swear to his statement and has not been deposed under oath.

26.     In a letter addressed to counsel and dated January 16, 2014, Noble admits that he copied "select files representing work I had been involved in, technical documents, and other

information of a commercial nature," but claims that he has not used GL Noble Denton's confidential information in his work for Aqualis. Letter from Noble dated Jan. 16, 2014, attached as Exhibit J. He further claims that the personal hard drive upon which such information was uploaded failed soon after he began his employment with Aqualis and that he would be "very pleased to return these files." *Id.*

27. Also, on December 23, 2013, GL Noble Denton sent a demand letter to Diab, in his capacity as "Director Engineering and North America" for Aqualis, informing him about Happ's and Noble's continuing contractual and common law duties to protect GL Noble Denton's confidential and proprietary information. See Demand Letter to Diab, attached as Exhibit K. The Company requested that Aqualis ensure Happ's and Noble's compliance by instructing them to return all business, confidential, and proprietary information taken from GL Noble Denton and to refrain from using any such information in their work for Aqualis. See *id.* The Company further requested that Aqualis join in the entry of an agreed order in Texas State Court prohibiting any use of the confidential information taken by Happ and Noble from GL Noble Denton. See *id.*

28. Over a month later, on January 27, 2014, Diab responded to GL Noble Denton's demand letter, but has not returned the requested documents to GL Noble Denton. *See* Letter from Diab dated Jan. 27, 2014, attached as Exhibit L. Nor has Diab agreed to join in the entry of an agreed order in Texas State Court that prohibits any use of GL Noble Denton's proprietary and confidential information.

29. GL Noble Denton filed its Verified Petition to Take Depositions before Suit to Investigate Potential Claims ("Petition") on January 29, 2014, Cause No. 2014-03985. The court set a hearing on the Petition for February 24, 2014. On February 21, 2014, the parties entered

8

into and filed a Rule 11 Agreement wherein they agreed to pass the hearing on the Petition and work together to draft an Agreed Order Pertaining to *Forensic* Examination Protocol and an Agreed Confidentiality and Protective Order. The parties worked together over the course of the next several months to draft the terms of the *Agreed* Order Pertaining to Forensic Examination Protocol and the Agreed Confidentiality and Protective Order. On September 23, 2014, after the parties reached an impasse regarding the search terms in the examination protocol, GL Noble Denton filed a Motion to Compel with the court and set a hearing on the motion for October 13, 2014. After that hearing and at the court's direction, the parties ultimately reach an agreement regarding an agreed forensic protocol for the imaging and review of a number of electronic devices made available by Happ, Noble, and Aqualis. That forensic analysis began in November of 2014 and is now nearly completed.

30.     The forensic analysis began with a review of both personal and work computers of Happ and Noble as well as several external drives. When the agreed upon search terms were searched against the contents of those devices, there was a total hit count of 25,000 unique documents, representing approximately 250,000 pages of information. Keywords that relate directly to GL Noble Denton's confidential information and trade secrets hit as response on all devices that were reviewed. The parties agreed to prepare a "focused keyword list" of some of the most important terms, in order to more quickly ascertain whether GL Noble Denton's proprietary or trade secret documents resided on those devices. The documents that hit as responsive to the "focused keyword list" were first reviewed by Happ, Noble, and Aqualis's counsel, and were then turned over to GL Noble Denton for its review. Keywords that relate directly to GL Noble Denton's confidential information and trade secrets also hit as response on all devices that were reviewed under the "focused keyword list." Crucially, documents identified by GL Noble

Denton as trade secret and highly confidential were found on a thumb drive containing documents from Happ's and Noble's Aqualis laptops.

31.     GL Noble Denton found an alarming amount of highly sensitive trade secret and confidential information on Happ's and Noble's laptops and external drives.  Specifically, Happ, Noble, and Aqualis are in possession of the following non-exclusive listing of types of information:

        a.  GL Noble Denton's internal work procedures that are marked GLND Confidential, or treated by GL Noble Denton as confidential, including, but not limited to: jack-up rig locations and move check-lists; certificates of approval; checklist for global analysis of flexible risers and dynamic umbilicals; locations of semi submersible units; a checklist for location moves of semi submersible units; project procedures index; customer satisfaction feedback; marine surveys; and many other checklists and other internal procedures.

        b.  Priced bids and contracts for projects that GL Noble Denton bid on and, in some cases, was awarded;

        c.  Customer documents that are marked confidential or that are to be kept confidential pursuant to project agreements with GL Noble Denton's clients; and

        d.  A listing of ongoing projects with contact names, budgets, and project status;

32.     The GL Noble Denton procedures that Happ, Noble, and Aqualis have in their possession are the types necessary in order to start a new, competing business quickly.  It took GL Noble Denton a significant amount of time to create the GL Noble Denton procedures that Happ, Noble, and Aqualis have in their possession.  Upon information and belief, Happ, Noble, and Aqualis are in possession of additional GL Noble Denton information and trade secrets that was

Certified Document Number: 66170874 - Page 10 of 16

not uncovered by the "focused keyword list." At a minimum, GL Noble Denton must determine what other GL Noble Denton information Happ, Noble, and Aqualis have in their possession and whether it was used.

33.     Separately, GL Noble Denton also finally imaged Aqualis's server, which is also known as the shared drive.  This took longer than anticipated because Aqualis would not permit the forensic examiner to bring it back to his lab where the examiner had more sophisticated equipment.  Once the forensic examiner was able to image Aqualis's server, the agreed upon keywords were run against the contents of that drive.  The keywords generated a total hit count of 33,000 e-mails and 1,346 non-email documents.  The non-email documents were turned over to Aqualis's counsel on June 24, 2015 pursuant to the agreed upon protocol.  Those documents have not yet been made available to GL Noble Denton.  Upon information and belief, GL Noble Denton's confidential and trade secret information resides on Aqualis's server, as a preliminary keyword search positively hit specific keywords that are unique to GL Noble Denton's confidential documents.   Essentially, upon information and belief, based on the initial forensic examination of Aqualis's server, not only have Happ and Noble taken documents, but they have transferred docs to Aqualis's systems, which permit access by many persons at Aqualis, potentially worldwide.   Based on this information, which must be fully explored, and the impending statute of limitations, GL Noble Denton is filing this action for injunctive relief and damages.

<u>**CAUSES OF ACTION**</u>

<u>**BREACH OF CONTRACT: HAPP AND NOBLE**</u>

34.     GL Noble Denton incorporates by reference all of its prior allegations with the same force and effect as if fully set forth herein.

11

Certified Document Number: 66170874 - Page 11 of 16

35.     As a condition of employment, Happ and Noble entered into confidentiality agreements with GL Noble Denton and/or its predecessor companies which contain, among other things, promises not to divulge, use, publish or in any other matter reveal, directly or indirectly, any of GL Noble Denton's confidential information.

36.     As discussed in more detail above, Happ and Noble breached their Agreements by taking GL Noble Denton's confidential information upon their departure and by accessing that information on Aqualis's computers.

37.     GL Noble Denton has suffered damages as the direct and proximate consequence of Happ's and Noble's breaches of their covenants contained in their respective Agreements.

38.     GL Noble Denton is entitled to recover compensatory and consequential damages as a result of Happ's and Noble's breaches of their Agreements, and is further entitled to prospective injunctive relief to prevent Happ and Noble from engaging in further misconduct, together with its attorneys' fees incurred in enforcing its rights under the Agreement.  Happ and Noble are also liable to GL Noble Denton for its reasonable and necessary attorneys' fees incurred for the preparation and trial of this claim, plus additional sums in the event of an appeal, all as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

<u>CONVERSION: ALL DEFENDANTS</u>

39.     GL Noble Denton incorporates by reference all of its prior allegations with the same force and effect as if fully set forth herein.

40.     Happ and Noble concede that they left GL Noble Denton with large amounts of GL Noble Denton's data.  Happ and Noble uploaded this information to their Aqualis computers and, upon information and belief, this information resides on Aqualis's server.  Happ, Noble, and Aqualis took this data without permission and asserted dominion and control over this data

Certified Document Number: 66170874 - Page 12 of 16

unlawfully and without legal authority.  Aqualis, Happ, and Noble's exercise of dominion over GL Noble Denton's property is inconsistent with GL Noble Denton's rights to it.

41.     GL Noble Denton has suffered and will continue to suffer damages that are proximately caused by Defendants' conversion of its property, trade secrets, and confidential information. GL Noble Denton's damages include, but are not limited to, lost profits, impaired future earning capacity, and diminution in the value of its customer goodwill.

## TEXAS THEFT LIABILITY ACT – ALL DEFENDANTS

42.     GL Noble Denton incorporates by reference all of its prior allegations with the same force and effect as if fully set forth herein.

43.     GL Noble Denton has a possessory right to its property, which includes, but is not limited to, trade secrets and confidential information, as well as work papers, project bids, work proposals, and customer information.

44.     Defendants committed a theft of personal property under Texas Penal Code § 31.03. Specifically, Defendants unlawfully appropriated GL Noble Denton's information and trade secrets with the intent to deprive GL Noble Denton of the property.  Defendants did so without GL Noble Denton's effective consent.

45.     GL Noble Denton sustained damages as a result of the theft which include, but are not limited to, lost revenue, projects, and customers, as well as the costs of a forensic examiner to locate and recover the appropriated property.

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS – ALL DEFENDANTS

46.     GL Noble Denton incorporates by reference all of its prior allegations with the same force and effect as if fully set forth herein.

Certified Document Number: 66170874 - Page 13 of 16

47.     Aqualis, Happ, and Noble have used or may use Happ's and Noble's knowledge of GL Noble Denton's confidential information and trade secrets to interfere tortiously with its existing and prospective contracts and client relationships.

48.     As a result, GL Noble Denton has suffered and will continue to suffer damages from lost business and is entitled to collect actual and exemplary damages.

## APPLICATION FOR PERMANENT INJUNCTION

49.     GL Noble Denton incorporates by reference all of its prior allegations with the same force and effect as if fully set forth herein.

50.     Unless the Court grants a permanent injunction, GL Noble Denton will continue to be irreparably harmed without any adequate remedy at law.   Accordingly, GL Noble Denton requests a Permanent Injunction that Aqualis, Happ, and Noble be enjoined as follows:

> Aqualis Offshore, Inc., and any parent or related entity which may have access or could have access to information on Aqualis's servers, Happ, and Noble are restrained from the use or disclosure of Aqualis's confidential information or trade secrets, as well as other records, statistics, or other information acquired by Happ and Noble in the course of their employment with GL Noble Denton that will tend to divert, diminish, or prejudice the goodwill or business of GL Noble Denton or its affiliates.  Aqualis, Happ, and Noble are further required to permanently purge any and all GL Noble Denton information in their care, custody, or control, including, but not limited to, the information identified by GL Noble Denton as residing on the Defendants' computer systems.

### JURY DEMAND

GL Noble Denton demands a trial by jury as to all claims that may be tried to a jury.

### CONDITIONS PRECEDENT

All conditions precedent to GL Noble Denton's bringing this action have been either fully satisfied or expressly or impliedly waived by the Defendants.

Certified Document Number: 66170874 - Page 14 of 16

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, GL Noble Denton, Inc., requests that Aqualis, Happ, and Noble disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### PRAYER

Plaintiff GL Noble Denton, Inc., requests that the Court:

a.  award it compensatory damages in an amount to be proved at trial;

b.  award it its costs and attorneys' fees incurred in this dispute;

c.  award it pre- and post-judgment interest, and such other and additional relief as the Court may deem just and proper;

d.  grant it a permanent injunction against the Defendants; and

e.  grant such other legal and equitable relief that the Court may deem appropriate.

Dated: July 10, 2015

MORGAN, LEWIS & BOCKIUS, LLP

/s/Ronald E. Manthey

Ronald E. Manthey
State Bar No. 12927400
ron.manthey@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
T.  214.466.4000
F.  214.466.4001

Stefanie R. Moll
State Bar No. 24002870
smoll@morganlewis.com
Michael P. Jones
State Bar No. 24072174
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

ATTORNEYS FOR PLAINTIFF GL NOBLE DENTON, INC.

Certified Document Number: 66170874 - Page 16 of 16



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66170874 Total Pages:  16

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

2015-39805 / Court: 011

# EXHIBIT

# A

Certified Document Number: 66170998 - Page 1 of 2

ATTACHMENT to OP. 9
Page 1 of 1 Nov 90

## CONFIDENTIALITY AGREEMENT

I, ...... *Greg Fraser Noble* ...................................., undertake not to, except as authorised or required by my duties, reveal to any person, persons or Company any of the trade secrets or confidential operations or dealings or any information concerning the organisation, business, finances, transactions or affairs of the companies within the Noble Denton Group, and its clients, which may come to my knowledge during my employment, whether as an freelance, consultant or member of the permanent staff of a Noble Denton Group Company, and shall keep with complete secrecy all confidential information entrusted to me and shall not use or attempt to use any such information in a manner which may injure or cause loss whether directly or indirectly to the Company or Associated Companies, or its business, or may be likely to do so. This restriction shall continue to apply after my employment has ceased, without limit in point of time, but shall cease to apply to information or knowledge which may come into the public domain.

*Greg Noble*
Signed

1.4.92
Dated





NOBLE

Certified Document Number: 66170998 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66170998 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# B

Certified Document Number: 66170999 - Page 1 of 2

CONFIDENTIALITY AGREEMENT

I, ....... Guy   Noble ............................................., undertake
not to, except as authorised or required by my duties, reveal to
any person, persons or Company any of the trade secrets or
confidential operations or dealings or any information concerning
the organisation, business, finances, transactions or affairs of
the companies within the Noble Denton Group, and its clients,
which may come to my knowledge during my employment, whether as
a freelance, consultant or member of the permanent staff of a
Noble Denton Group Company, and shall keep with complete secrecy
all confidential information entrusted to me and shall not use
or attempt to use any such information in a manner which may
injure or cause loss whether directly or indirectly to the
Company or Associated Companies, or its business, or may be
likely to do so.  This restriction shall continue to apply after
my employment has ceased, without limit in point of time, but
shall cease to apply to information or knowledge which may come
into the public domain.

I hereby acknowledge that the intellectual property rights in all
work which I have created, assisted in creating or contributed
towards including, but not limited to, designs, drawings, data
bases and computer software packages in the course of my
employment for my employers, Noble Denton, is the sole property
of Noble Denton or the appropriate Noble Denton Group company as
the case may be.

During the term of my employment with Noble Denton and thereafter
I shall not use for my own purpose or for the purpose of others
nor acquire or seek to acquire nor represent in any way that I
am entitled to any rights in any intellectual or industrial
property including, but not limited to, any trade name, trade
mark, copyright, design, patent or other designation or get-up,
owned controlled or used by Noble Denton or a member of the Noble
Denton Group.

For the purposes of this agreement, "Noble Denton Group" shall
mean Noble Denton, its holding company and subsidiaries and the
subsidiaries of its holding company world-wide and subsidiary and
holding company shall have the meaning set out in section 736
Companies Act 1985 as amended by the Companies Act 1989.

...... *Guy Noble* ..............          31. 7. 92.
Signed                                     Dated

GPB/LEA
July 92



 NOBLE
DENTON

Certified Document Number: 6617099 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66170999 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT
# C

Certified Document Number: 66171000 - Page 1 of 2

## CONFIDENTIALITY AGREEMENT

I, Guy Fraser Noble, undertake not to, except as authorized or required by my duties, reveal to any person, persons or Company any of the trade secrets or confidential operations or dealings or any information concerning the organization, business, finances, transactions or affairs of the companies with the Noble Denton Group, and its clients, which may come to my knowledge during my employment, whether as a freelance, consultant or member of the permanent staff of a Noble Denton Group Company, and shall keep with complete secrecy all confidential information entrusted to me and shall not use or attempt to use any such information in a manner which may injure or cause loss whether directly or indirectly to the Company or Associated Companies, or its business, or may be likely to do so. This restriction shall continue to apply after my employment has ceased, without limit in point of time, but shall cease to apply to information or knowledge which may come into the public domain.

I hereby acknowledge that the intellectual property rights in all work which I have created, assisted in creating or contributed towards including, but not limited to, designs, drawings, data bases and computer software packages in the course of my employment for my employers, Noble Denton, is the sole property of Noble Denton or the appropriate Noble Denton Group company as the case may be.

During the term of my employment with Noble Denton and thereafter I shall not use for my own purpose or for the purpose of others nor acquire or seek to acquire nor represent in any way that I am entitled to any rights in any intellectual or industrial property including, but not limited to, any trade name, trade mark, copyright design, patent or other designation or get-up, owned controlled or used by Noble Denton or a member of the Noble Denton Group.

For the purposes of this agreement, "Noble Denton Group" shall mean Noble Denton, its holding company and subsidiaries and the subsidiaries of its holding company world-wide and subsidiary and holding company shall have the meaning set out in section 736 Companies Act 1985 as amended by the Companies Act 1989.

Signed _____        Date  25ᵏ October 2001

EXHIBIT
C

Certified Document Number: 66171000 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171000 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# D

Certified Document Number: 66171001 - Page 1 of 2

### CONFIDENTIALITY AGREEMENT

I, Breene Happ , undertake not to, except as authorized or required by my duties, reveal to any person, persons or Company any of the trade secrets or confidential operations or dealings or any information concerning the organization, business, finances, transactions or affairs of the companies with the Noble Denton Group, and its clients, which may come to my knowledge during my employment, whether as a freelance, consultant or member of the permanent staff of a Noble Denton Group Company, and shall keep with complete secrecy all confidential information entrusted to me and shall not use or attempt to use any such information in a manner which may injure or cause a loss whether directly or indirectly to the Company or Associated Companies, or its business, or may be likely to do so. This restriction shall continue to apply after my employment has ceased, without limit in point of time, but shall cease to apply to information or knowledge that may come into the public domain.

I hereby acknowledge that the intellectual property rights in all work which I have created, assisted in creating or contributed towards including, but not limited to, designs, drawings, databases and computer software packages in the course of my employment for my employers, Noble Denton, is the sole property of Noble Denton or the appropriate Noble Denton Group company as the case may be.

During the term of my employment with Noble Denton and thereafter I shall not use for my own purpose or for the purpose of others nor acquire or seek to acquire nor represent in any way that I am entitled to any rights in any intellectual or industrial property including, but not limited to, any trade name, trade mark, copyright design, patent, or other designation or get-up, owned controlled or used by Noble Denton or a member of the Noble Denton Group.

For the purpose of this agreement, "Noble Denton Group" shall mean Noble Denton, its holding company and subsidiaries and the subsidiaries of its holding company world-wide and subsidiary and holding company shall have the meaning set out in section 736 Companies Act 1985 as amended by the Companies Act 1989.

_____          7.6 Aug 07
Employee Signature               Date

Distribution: Personnel File

N:\personnel documents


**EXHIBIT**
D



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:          66171001 Total Pages: 2


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# E

Certified Document Number: 66171002 - Page 1 of 2

## CONFIDENTIALITY AGREEMENT

I, _Busins Naff_____, undertake not to, except as authorized or required by my duties, reveal to any person, persons or Company any of the trade secrets or confidential operations or dealings or any information concerning the organization, business, finances, transactions or affairs of the companies with the Noble Denton Group, and its clients, which may come to my knowledge during my employment, whether as a freelance, consultant or member of the permanent staff of a Noble Denton Group Company, and shall keep with complete secrecy all confidential information entrusted to me and shall not use or attempt to use any such information in a manner which may injure or cause a loss whether directly or indirectly to the Company or Associated Companies, or its business, or may be likely to do so. This restriction shall continue to apply after my employment has ceased, without limit in point of time, but shall cease to apply to information or knowledge that may come into the public domain.

I hereby acknowledge that the intellectual property rights in all work which I have created, assisted in creating or contributed towards including, but not limited to, designs, drawings, databases and computer software packages in the course of my employment for my employers, Noble Denton, is the sole property of Noble Denton or the appropriate Noble Denton Group company as the case may be.

During the term of my employment with Noble Denton and thereafter I shall not use for my own purpose or for the purpose of others nor acquire or seek to acquire nor represent in any way that I am entitles to any rights in any intellectual or industrial property including, but not limited to, any trade name, trade mark, copyright design, patent, or other designation or get-up, owned controlled or used by Noble Denton or a member of the Noble Denton Group.

For the purpose of this agreement, "Noble Denton Group" shall mean Noble Denton, its holding company and subsidiaries and the subsidiaries of its holding company world-wide and subsidiary and holding company shall have the meaning set out in section 736 Companies Act 1985 as amended by the Companies Act 1989.

Employee Signature                          Date    11 Jun 09

Distribution: Personnel File

**EXHIBIT**

**E**

N:\personnel documents



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171002 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# F

Certified Document Number: 66171003 - Page 1 of 3

Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel:  214.466.4000
Fax: 214.466.4001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

Ronald E. Manthey
Partner
214-466-4111
ron.manthey@morganlewis.com

December 23, 2013

**VIA EMAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

briant.happ@aqualisoffshore.com
Briant Happ
18222 Sorrell Oaks Lane
Richmond, TX  77469

Re:    Employment by Aqualis Offshore, Inc. of Briant Happ

Dear Mr. Happ:

Please be advised that Morgan Lewis, LLP represents your former employers, DNV Gl and GL Noble Denton, Inc. (hereafter collectively referred to as the "Company"). We have been retained in connection with your recent resignation from and your continuing contractual and common law obligations to protect the confidential proprietary and trade secret information of the Company (hereafter collectively "Confidential Information"). We have been informed that you are currently working for a competitor, Aqualis Offshore, Inc., performing similar duties for them that you performed for the Company. We are writing in part to remind you that any Confidential Information of the Company must be protected and used for the sole benefit of the Company. It cannot be retained by you, disseminated, copied, used, or shared in any way for the benefit of anyone else. If you are represented by Counsel, please have such counsel contact us directly so that this matter can be further explained and addressed.

As you are aware, pursuant to your Confidentiality Agreement, you have continuing contractual obligations to protect Confidential Information, even after you leave the Company. Moreover, you occupied a position of trust and confidence with the Company that imposed common law duties under Texas law as well as fiduciary duties to protect the Confidential Information shared with you as part of your duties. Importantly, again, such duties continue to exist after you leave the Company. Specifically, without limitation or exhaustion, you had access to client information, internal pricing and profitability information, margin information, private technical manuals, bid documents, documents about on-going projects for clients, internal proprietary processes, and on-going negotiations and proposals to clients. Such Confidential Information

DB1/ 76994223.1


EXHIBIT
F

Morgan Lewis
COUNSELORS AT LAW

Page 2

was developed at great expense to the Company, and the use of it for your or other's benefit would be a misappropriation of trade secrets and unfair competition.

Moreover, we have discovered that immediately before you left the Company, you uploaded Confidential Information to a private internet site and have not returned it. You also have not returned Confidential Information that you uploaded previously while employed by the Company. The retention of or use of any Confidential Information belonging to the Company constitutes a violation of your duties and obligations..

Therefore, we demand the immediate search by a Forensic Computer expert of any data base you have that contains any such Confidential Information. Naturally, we also demand that you not destroy or modify any documents or computer data related in any way to these allegations. Such documents and data must be preserved and maintained in the original format, as well as any copies made of such. Once identified, moreover, such Confidential Information must be imaged and returned to the Company and then be destroyed on the devices. If such Confidential Information has been disseminated to any other sources or storage devices, we demand to know the date it was sent and to whom or what site or device. We will require access to the sites or devices to which you uploaded documents in order to verify the destruction of such data. Naturally, any hard copies of Confidential Information must also be returned.

Our client further demands a formal representation that you have not used the Confidential Information in any fashion for anyone other than the Company and that you enter into an Agreement to be entered as an Order by a Texas State Court to prohibit the use of any Confidential Information obtained from the Company without the Company's express written permission.

We must have a response to this letter within 10 business days of the date of the letter. If no suitable agreement is reached, the Company will have no alternative but to file legal proceedings against you seeking not only the remedies outlined above, but also seeking attorneys' fees, injunctive relief against you and your employer, and damages for any actions you have taken that have caused the Company losses relating to your misappropriation of Confidential Information. Please contact us or have your counsel contact us to discuss any issues regarding our letter, the factual assertions, and any processes to comply with the demands.

Sincerely,

Ronald E. Manthey

DB1/76994223.1





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171003 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT
# G

Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000
Fax: 214.466.4001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

**Ronald E. Manthey**
Partner
214-466-4111
ron.manthey@morganlewis.com

December 23, 2013

**VIA EMAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

guy.noble@aqualisoffshore.com
Guy Noble
8106 Cottonwood Trail
Houston, TX 77095

Re:   Employment by Aqualis Offshore, Inc. of Guy Noble

Dear Mr. Noble :

Please be advised that Morgan Lewis, LLP represents your former employers, DNV Gl and GL Noble Denton, Inc. (hereafter collectively referred to as the "Company"). We have been retained in connection with your recent resignation from and your continuing contractual and common law obligations to protect the confidential proprietary and trade secret information of the Company (hereafter collectively "Confidential Information"). We have been informed that you are currently working for a competitor, Aqualis Offshore, Inc., performing similar duties for them that you performed for the Company. We are writing in part to remind you that any Confidential Information of the Company must be protected and used for the sole benefit of the Company. It cannot be retained by you, disseminated, copied, used, or shared in any way for the benefit of anyone else. If you are represented by Counsel, please have such counsel contact us directly so that this matter can be further explained and addressed.

As you are aware, pursuant to your Confidentiality Agreement, you have continuing contractual obligations to protect Confidential Information, even after you leave the Company. Moreover, you occupied a position of trust and confidence with the Company that imposed common law duties under Texas law as well as fiduciary duties to protect the Confidential Information shared with you as part of your duties. Importantly, again, such duties continue to exist after you leave the Company. Specifically, without limitation or exhaustion, you had access to client information, internal pricing and profitability information, margin information, private technical manuals, bid documents, documents about on-going projects for clients, internal proprietary processes, and on-going negotiations and proposals to clients. Such Confidential Information

DB1/ 76994571.1



Morgan Lewis
COUNSELORS AT LAW

Page 2

was developed at great expense to the Company, and the use of it for your or other's benefit would be a misappropriation of trade secrets and unfair competition.

Moreover, we have discovered that immediately before you left the Company, you uploaded Confidential Information to a private internet site and have not returned it. Such Confidential Information included but is not limited to: internal technical manuals and Company documents to calculate specifications and capacities for offshore machinery. You also have not returned other Confidential Information that you uploaded previously during your employment by the Company. The retention of or use of any Confidential Information belonging to the Company constitutes a violation of your duties and obligations..

Therefore, we demand the immediate search by a Forensic Computer expert of any data base you have that contains any such Confidential Information. Naturally, we also demand that you not destroy or modify any documents or computer data related in any way to these allegations. Such documents and data must be preserved and maintained in the original format, as well as any copies made of such. Once identified, moreover, such Confidential Information must be imaged and returned to the Company and then be destroyed on the devices. If such Confidential Information has been disseminated to any other sources or storage devices, we demand to know the date it was sent and to whom or what site or device. We will require access to the sites or devices to which you uploaded documents in order to verify the destruction of such data. Naturally, any hard copies of Confidential Information must also be returned.

Our client further demands a formal representation that you have not used the Confidential Information in any fashion for anyone other than the Company and that you enter into an Agreement to be entered as an Order by a Texas State Court to prohibit the use of any Confidential Information obtained from the Company without the Company's express written permission.

We must have a response to this letter within 10 business days of the date of the letter. If no suitable agreement is reached, the Company will have no alternative but to file legal proceedings against you seeking not only the remedies outlined above, but also seeking attorneys' fees, injunctive relief against you and your employer, and damages for any actions you have taken that have caused the Company losses relating to your misappropriation of Confidential Information. Please contact us or have your counsel contact us to discuss any issues regarding our letter, the factual assertions, and any processes to comply with the demands.

Sincerely,

Ronald E. Manthey

DB1/ 76994571.1





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171004 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# H

15 January 2014

Dear Mr. Manthey,

Thank you for the reminder of my responsibilities pertaining to my Confidentiality Agreement with GL Noble Denton. Since leaving the company, I have honored, and continue to honor, the terms of that agreement.

With regard to any documents uploaded to internet sites, I have not uploaded any documents to any internet sites since the conclusion of my employment with GL Noble Denton. While employed with the company, I only recall uploading to the following sites:

Dropbox - the purpose for uploading documents to this site was to have a shared resource for the GLND Marine department where the common documents (forms, checklists, guidelines, etc.) used by the personnel within the department would be available outside of the office and while on site. This was set up using one of the following email addresses: briant.happ@nobledenton.com or briant.happ@gl-group. I do not know if these are still in use and I have not accessed the account since leaving the company. I also do not have the password anymore. For more details about the account including the contents saved, you might try David Ryan or David Nash with GL Noble Denton as they had access to all of the files. The password may possibly be found by accessing my GLND email.

Filesanywhere - the purpose for uploading documents to this site was to facilitate the transfer of large file size documents back and forth with the Clients. This is a site set up previously by Noble Denton for various purposes. I do not have the login information. It was saved in my GLND email account.

The only other information belonging to GLND which may be in my possession would be comprised of the typical report forms for the field assignments, information for specific jobs which I might have been involved and would have been saved for operational purposes while on site and documents which I would have needed to perform my administrative duties (timesheets, expenses, etc.). I will search for these documents and return such to GLND. Upon returning of those documents, I will destroy any files which I have. I have not used, and will not use, confidential GLND documents at Aqualis Offshore.

Please let me know if this clears up the matter of documents uploaded to third party sites.

Regards,


Briant Happ



EXHIBIT

H



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171005 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# I

Certified Document Number: 66171006 - Page 1 of 2

8106 Cottonwood Trail Court
Houston TX 77095

Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347

January 16, 2013

Your Ref. 0507_001 Guy Noble – GL Noble Denton

Dear Mr Manthey

I received your letter dated December 23, 2013 advising me of the agreement with GL Noble Denton, following my employment with them. I do not have a copy of the Confidentiality Agreement and would appreciate one if that is at all possible.

I have no recollection of uploading information to a private internet site and do not understand the basis of this point, in your letter. I did copy select files representing work I had been involved in, technical documents, and other information of a commercial nature as well as personal files. The files were not disseminated any further and any information was not, nor will it be used without express permission of GL Noble Denton.

The files were copied from my GLND laptop to a personal external hard drive, which failed soon after I joined Aqualis Offshore (I believe it failed in the first week of September).

I would be very pleased to return these files and I have not used the confidential information obtained from GL Noble Denton, nor will I use it at Aqualis Offshore.

Sincerely,

Guy Noble

EXHIBIT
I



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171006 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# J

Morgan, Lewis & Bocklus LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000
Fax: 214.466.4001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

**Ronald E. Manthey**
Partner
214-466-4111
ron.manthey@morganlewis.com

December 23, 2013

**VIA EMAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

bader.diab@aqualisoffshore.com
Dr. Bader Diab
1250 Wood Branch Park Drive, Suite 650
Houston, TX  77079

Re:   <u>Employment by Aqualis Offshore, Inc. of Briant Happ and Guy Noble</u>

Dear Dr. Diab:

Please be advised that this law firm represents DNV GL in connection with Aqualis's hiring of Briant Happ and Guy Noble, former employees of GL Noble Denton, Inc. ("GL Noble Denton")[1] As you are aware, both Noble and Happ previously worked at the Houston location of GL Noble Denton.  To ensure fair competition and to avoid any inadvertent violations of law, we are hereby informing you of their common law and contractual duties to protect the confidential and proprietary data of GL Noble Denton and requesting that you and your company ensure they comply with such obligations while performing services for Aqualis.  Moreover, as you are also aware given your familiarity with their prior employer, they were entrusted with and became privy to the confidential and proprietary information of GL Noble Denton.  This confidential information included, without limitation, information concerning pricing on particular projects, internal profit margins, specifications and designs regarding particular projects, bid documents, contact points at customers, information about client projects, software programs, manuals, certifications, and technical specifications proprietary to GL Noble Denton..

Under Texas common law, this information is proprietary to GL Noble Denton and constitutes its confidential information and trade secrets.  Moreover, GL Noble Denton incurred significant costs and expenses in developing and protecting these trade secrets.  Happ and Noble have fiduciary and contractual duties to protect the confidential information, to return it, to not

---

[1]   On September 12, 2013 the entities merged to form DNV GL.  For ease of reference and because it employed Happ and Noble for most, if not all, of their prior employment, we will refer to our client as GL Noble Denton in this correspondence.



EXHIBIT
J

DB1/ 76994423.1

Certified Document Number: 66171007 – Page 2 of 3

Morgan Lewis
COUNSELORS AT LAW

Page 2

disclose it, and to not permit the use of such information for the benefit of anyone but GL Noble Denton.

It is GL Noble Denton's position that any attempt by Aqualis to misappropriate or to permit the use of any of the confidential information taken from GL Noble Denton by your employees violates our client's statutory and common law rights.

Immediately prior to their departure, it appears that Noble and Happ uploaded documents, bid sheets, manuals, and other confidential proprietary data to personal drop boxes and other internet sites without authorization. Moreover, records establish that other confidential information had been uploaded while they were employees. As of this date, none of the data has been returned. These materials are proprietary and confidential. The duties that Happ and Noble owe to GL Noble Denton continue to run beyond their employment with GL Noble Denton.

Therefore, we request that you immediately instruct Happ and Noble to return any and all business or proprietary/confidential information taken at any time from GL Noble Denton. Further, we ask that you instruct them not to use any such data in their work for Aqualis. Finally, to ensure compliance, we seek a declaration from you that you have searched your records and files to ensure that any confidential and trade secret information taken has not been used or retained by Aqualis. We will be seeking the entry of an agreed order in Texas State Court that prohibits any use of the confidential information taken from GL Noble Denton. We request that Aqualis join in such an Order.

GL Noble Denton appreciates your immediate attention to this matter. If you have outside or corporate counsel, we would ask that you forward him or her a copy of this letter such that, if appropriate, we can commence a dialogue designed to avoid protracted and costly litigation. If you do not have counsel and have questions regarding this letter, please do not hesitate to contact the undersigned.

Sincerely,

Ronald E. Manthey

DB1/ 76994423.1


Certified Document Number: 6617100 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015

Certified Document Number:        66171007 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

7/10/2015 4:09:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6024072
By: CUERO, NELSON
Filed: 7/10/2015 4:09:00 PM

# EXHIBIT

# K

Certified Document Number: 66171008 - Page 1 of 2





January 27, 2014

Morgan Lewis & Bockuis LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347

Attn:  Mr Ronald E. Manthey - Partner

Dear Mr. Manthey,

Re.  Emplyment by Aqualis Offshore, Inc. Of Briant Happ and Guy Noble

We are in receipt of your letter dated December 23rd, 2013 regarding the employment by
Aqualis Offshore, Inc. (Aqualis) of Briant Happ and Guy Noble.

We have instructed Mr. Happ and Mr. Noble to return to GL Noble Denton any business or
proprietary information they may have taken from GL Noble Denton.  We have also
requested them not to use any such data in their work with Aqualis.  We have also searched
our records and confirm that any information Mr. Happ and Mr. Noble may have taken has
not been used or will be used or retained by Aqualis.  Any confidential information which
could potentially belong to GL Noble Denton has been isolated such that no one, including
the individuals concerned, has access to them.   We will be pleased to destroy the
information or return it to GL Noble Denton.

By accepting employment with Aqualis Mr. Happ and Mr. Noble agreed to abide by any
confidentiality, and other commitments, they have to their previous employer.

Sincerely,
Aqualis Offshore, Inc

By:

Dr. Bader Diab,
Director - North America



EXHIBIT

K



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 14, 2015


Certified Document Number:        66171008 Total Pages:  2


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**